IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SALLIE BOWMAN**                                                                                  **PLAINTIFF**

**V.**                                                           **NO. 4:20CV11-JMV**

**ANDREW SAUL**
*COMMISSIONER OF SOCIAL SECURITY*                              **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to wit:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter on November 3, 2020, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record.[1] Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that

**SO ORDERED AND ADJUDGED** this, the 4th day of November, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. As pointed out during the hearing, the light residual functional capacity ("RFC") determination in this case is supported by substantial evidence, namely state agency medical consultant opinions. Furthermore, Plaintiff fails to point to actual functional deficits in the record for the relevant period that warrant a more limited RFC, and several records indicate the claimant had no functional limitations, *see*, *e.g.*, Tr. 903-904, 922-23, 943. Finally, the ALJ's failure to deem Plaintiff's anemia a severe impairment was harmless because Plaintiff has not pointed to evidence in the record of a need to be absent or away from the workstation due to anemia. *Cf. Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 n.2 (5th Cir. 2010) (finding any step two error would be harmless where ALJ, nevertheless, included <u>credible</u> associated functional limitations in the RFC). Indeed, the record in this case indicates the claimant was chronically noncompliant with her ferrous sulfate and elixir treatment, *see, e.g.*, Tr. 894, 933; quickly responded to treatment, *see, e.g.*, 544, 876-79, 904; and missed a hematology/oncology appointment on at least one occasion to attend school, Tr. 938.